W.R. McWHORTER; Stella McWhorter; Carney Maye McWhorter; Kathie Ralston; Linda Stapleton; and The Estate of Alfred T. McWhorter, Plaintiffs,

v.

LONG ROYALTY COMPANY; Bill R. Long; Earl Dee Long; Russell W. Long; and Terry Payne d/b/a Payne Investments, Defendants.

No. CIV–82–1701–W.

United States District Court, W.D. Oklahoma.

June 8, 1983.

Loutitia Denison Eason, William B. Federman, Oklahoma City, Okl., for plaintiffs.

Richard D. Hampton, Oklahoma City, Okl., for Bill R. Long, Earl Dee Long and Russell W. Long.

James R. Stout, Stout & Williams, Yukon, Okl., for Terry Payne.

## ORDER

LEE R. WEST, District Judge.

The plaintiffs, W.R. McWhorter, Stella McWhorter, Carney Mae McWhorter, Kathie Ralston, Linda Stapleton, and the Estate of Alfred T. McWhorter, have moved the Court pursuant to Section 11(e) of the Securities Act of 1933, as amended, 15 U.S.C. § 77k(e), and Rule 25(b), Rules of the United States District Court for the Western District of Oklahoma, to require the defendants, Long Royalty Company, Bill R. Long, Earl Dee Long, Russell W. Long, and Terry Payne d/b/a Payne Investments, to give security or post bond for the payment of damages, reasonable attorneys' fees, and costs of this action. The plaintiffs have submitted briefs and exhibits in support and have directed the Court's attention to the defendants' answers to the plaintiffs' Request for Admissions and to the plaintiffs' Second Set of Interrogatories. The defendants, save Terry Payne d/b/a Payne Investments who has not as yet answered in this action, have responded in opposition to the motion and have referred to the depositional testimony of Earl Dee Long, Russell W. Long, and Bill R. Long taken on May 9, 1983. The depositions however have yet to be filed with the Clerk of the Court or submitted to this Court and thus, the Court cannot consider them for the purposes of the plaintiffs' motion.

Rule 25(b) provides that "[o]n its own motion or upon motion of a party in interest, the Court may at any time order any party to give security, bond, or undertaking in such amount as the Court may order for the payment of costs or for performance of other conditions or requirements imposed in an action or proceedings."

Section 11(e), 15 U.S.C. § 77k(e), allows the Court, in its discretion, to "require an undertaking for the payment of the costs ... including reasonable attorney's fees ...." The appropriate standard for determining whether security should be required pursuant to this statute is whether the movant has shown the court that the opposing party's claim or defense is maintained in bad faith or is obviously without merit. *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 22 (9th Cir. 1981). The Court need not find conclusively at this stage of the proceedings that the defense or claim is maintained in bad faith or is without merit—only that "an eventual finding of bad faith or obvious lack of merit [appears] likely to the ... court in view of the evidence before it." *Id.* Thus, the Court must determine from the record as it now stands whether requiring security of the defendants would be appropriate.

The plaintiffs have contended that the defendants in their respective answers assert as an affirmative defense to the state registration claim in the plaintiffs' Third Claim that the securities sold to the defendants were entitled to statutory exemption under 71 O.S. § 401(b)(15). This section exempts from registration

"[a]ny sale from or in this state to not more than thirty-two persons of a unit consisting of: interests in oil, gas or mining title(s) or lease(s) or any certificate of interest or participation, or conveyance in any form of an interest therein, or in payments out of production under such title(s) or lease(s) whether or not offered in conjunction with, or as an incident to, an operating agreement or other contract to drill oil or gas wells or otherwise exploit the minerals on the particular lease(s), whether or not the seller above or any purchasers are then present in the state, if:

1. the seller above reasonably believes that all buyers are purchasing for investment;

2. no commission or other remuneration is paid or given directly or indirectly for the solicitation of any such sale excluding any commission or remuneration paid or given by and between parties each of whom is engaged in the business of exploring for or producing oil and gas or other valuable minerals;

3. no public advertising or public solicitation or sale; and

4. sales are effected only to persons the seller has reasonable cause to believe are capable of evaluating the risk of the prospective investment and able to bear the economic risk of the investment ...."

This section offers protection if one claiming the exemption can affirmatively show that mineral interests were sold to not more than thirty-two persons and that all of the four conditions are present. *Lambrecht v. Bartlett*, 53 O.B.J. 3009, 3011, 656 P.2d 269 (Okla.1982).

The plaintiffs have claimed that the defendants' responses to the plaintiffs' Request for Admission and Second Set of Interrogatories establish that no genuine issue exists as to the defendants' claim of exemption and thus security should be required since the defense is without merit.

Request for Admission No. 1 propounded to the defendants on April 11, 1983, reads:

"That the total number of persons to whom undivided fractional working interest or any certificate of interest or participation were sold, or conveyed in any form of an interest therein in the leases described in Exhibit 'A' ... exceeds thirty-two persons."

Defendant Earl Dee Long on April 22, 1983, answering on behalf of all defendants (save Terry Payne d/b/a Payne Investments) stated in response to the above request: "Each one." Thus, as sales were made to more than thirty-two persons the exemption protection found in section 401(b)(15) is probably not available to the defendants and as evidenced by the date of Exhibit B, the exemption protection has probably not been available to the defendants since at least September 29, 1981, well before the date their affirmative defenses were asserted in response to the plaintiffs' claim. In their response to the plaintiffs' motion, the defendants place great reliance on the depositional testimony of three of the defendants; however, as noted earlier by the Court, there are no depositions for the Court to review despite the defendants' contention that the testimony of said defendants is now part of the record.

■ Since the challenged defense pertains to the state law claim asserted in the Third Claim, Section 11(e), 15 U.S.C. § 77k(e), cannot expressly authorize the Court to require the defendants to post bond or give security. However, the Court finds the guidelines recognized by courts addressing violations of federal securities law and seemingly meritless defenses instructive in determining whether the apparently meritless defense asserted by the defendants as to the alleged violation of state securities law requires the Court to order the giving of security pursuant to Rule 25(b).

As the Ninth Circuit expressed in *Weil* the Court must examine the present record to determine whether an eventual finding of bad faith or obvious lack of merit appears likely. Either bad faith or a defense utterly lacking in merit as to border on the frivolous is required. *Savino v. E.F. Hutton & Co.*, 507 F.Supp. 1225, 1234 n. 6 (S.D.N.Y.1981). While applications for posting bond or giving security under section 11(e), 15 U.S.C. § 77k(e), are not generally favored, *id.*, the exhibit attached to the plaintiffs' motion and the defendants' response to Request for Admission No. 1 lead the Court to the conclusion that it appears likely that the defense is utterly lacking in merit and will be unsuccessful when asserted at trial.

■ Accordingly, the Court finds that Rule 25(b) authorizes in this instance and under these circumstances that security be given by the defendants in an amount to be determined by the Court at the pretrial conference previously scheduled in this matter on June 16, 1983. The parties are directed to be prepared to discuss this mat-

ter at such time. It must be noted that security will be given in an amount only for the payment of costs. By its language Rule 25(b) does not authorize security to be given for payment of attorney's fees or any potential liability of a party. Furthermore, as the defendant Terry Payne d/b/a Payne Investments has not yet answered in this action and has not asserted the affirmative defense of which the plaintiffs complain, the requirement of security does not pertain to said defendant at this time. Should the record develop that an application pursuant to Rule 25(b) be appropriate for this defendant, the Court will consider the same if and when submitted by the plaintiffs.